UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LAURENCE CLEVENGER, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-2278 |
| | ) | |
| MACON COUNTY JAIL, et.al., | ) | |
|    Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The *pro se* Plaintiff has filed a handwritten complaint pursuant to 42 U.S.C.§1983 against the Macon County Jail and the Decatur Public Building Commission. Plaintiff says the ceilings and walls at the Macon County Jail are covered in "filth" to the point that it impacts his ability to breath. (Comp, p. 2). Plaintiff's motion for appointment of counsel also refers to "thick black matter" spurting from the air vents. (Plain. Mot, [4], p. 3). Plaintiff wakes up "at night sneezing, wheezing, and coughing to the point that I have to drink water to calm….down." (Comp, p. 3). Detainees are locked in their cells for fourteen hours each day, and the dayroom area does not have enough seats forcing

detainees to sit on the dirty floor. Plaintiff further alleges he lived in these conditions for at least two months.

Plaintiff has filed grievances and Sergeant Flannery claimed he would take care of the problems, but nothing has been done. Plaintiff has attached a letter received from Assistant Jail Superintendent Flannery stating he will send a work order to the Decatur Public Building Commission concerning the maintenance issues addressed in Plaintiff's complaint. (Comp., p. 6).

The Court first notes Plaintiff has not identified the appropriate Defendants. For instance, the Macon County Jail is not a proper Defendant since it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020). In addition, it is unclear how a Public Building Commission would be responsible for Plaintiff's claims. Plaintiff's complaint does not allege maintenance problems, but instead alleges his cell was covered in "filth." (Comp, p. 2). Cleaning cells or providing cleaning supplies would be the responsibility of those at the jail on a daily basis. Since Plaintiff has identified Jail Administrator Sergeant Flannery in the body of his complaint, the Court will add the Sergeant as a Defendant.

Plaintiff also does not state whether he was a pretrial detainee at the time of his allegations or whether he was a convicted prisoner. For instance, if Plaintiff was already incarcerated in the Illinois Department of Corrections on another charge, but he was transferred to the Macon County Jail to face a new charge, then he would be considered a convicted prisoner. If Plaintiff was arrested, but not convicted of any

crime, he would be a pretrial detainee. Plaintiff must clarify his status because this will determine whether the Eighth Amendment or the Fourteenth Amendment applies to his claims. *See Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019), *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994).

Under either standard, Plaintiff must be able to demonstrate the living conditions alleged are objectively serious. *See Sibley v. Dart*, 435 F.Supp.3d 920, 926 (N.D.Ill. March 18, 2019). Since Plaintiff claims the conditions had a direct impact on his ability to breath, the Plaintiff has stated a claim for the purposes of notice pleading based on the dirty conditions, poor ventilation, and overcrowding. *See Board v. Farnham*, 394 F.3d 469, 486 (7th Cir. 2005)(plaintiff who "alleged direct physical manifestation of the harm caused by the poor ventilation"…"satisfied the objective prong of the test for an Eighth Amendment violation.").

Plaintiff has also filed a motion for appointment of counsel. [4]. Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff claims his family attempted to find counsel for him when then contacted one law firm. The Court does not believe this is a reasonable attempt to find counsel. The motion is denied. [4]. Plaintiff may refile his motion with a list of other attorneys contacted or copies of letters sent or received to counsel.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has alleged Defendant Macon County Jail Administrator Sergeant Flannery violated Plaintiff's constitutional rights based on his living conditions from at least August to October of 2020 including dirty conditions, poor ventilation, and overcrowding. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has

not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's Counsel**.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Add Defendant Jail Administrator Sergeant Flannery; 2) Dismiss Defendants Macon County Jail and Decatur Public Building Commission; 3) Deny Plaintiff's motion for appointment of counsel with leave to renew, [4]: 4) Attempt service on Defendant pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 8th day of December, 2020.

                                         s/ James E. Shadid
                              _____
                                           JAMES E. SHADID
                                   UNITED STATES DISTRICT JUDGE